**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KENNETH MAXEY,

    Petitioner,                                  Civil No. 2:14-CV-12979
                                                      HONORABLE PAUL D. BORMAN
                                                      UNITED STATES DISTRICT JUDGE
v.

STEVEN RIVARD,

    Respondent.
_____/

## SECOND ORDER COMPELLING PRODUCTION OF THE STATE COURT RECORD

        Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 9, 2014, the Court signed an order of responsive pleading requiring respondent to file an answer in accordance with Rule 5 of the habeas corpus rules by March 13, 2015. Respondent filed an answer to the petition on February 27, 2015. Although respondent filed most of the Rule 5 materials, respondent failed to file the preliminary examination transcript from May 20, 2009 and co-defendant Shron Bennett's guilty plea transcript from August 31, 2009. These materials are necessary for resolving petitioner's ineffective assistance of counsel claims.

        The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254. "When this information is

1

required, it is the State's responsibility to provide it." *Griffin,* 308 F.3d at 654.  An appropriate response to a habeas petition is an answer which responds to each allegation contained in the petition and which attaches copies of the relevant judgment of conviction, any available and relevant transcripts, and any post-conviction pleadings and decisions. *Chavez v. Morgan*, 932 F. Supp. 1152, 1153 (E.D. Wis. 1996).  Habeas Rule 5 speaks in mandatory terms as to what must be attached to the respondent's answer. *Flamer v. Chaffinch*, 774 F. Supp. 211, 219 (D. Del. 1991).  The general rule is that a district court must review the entire state court trial transcript in federal habeas cases, and where substantial portions of that transcript were omitted before the district court, the habeas case should be remanded to the district court for consideration in light of the full record. *See Adams v. Holland,* 330 F.3d 298, 406 (6th Cir. 2003).  It is reversible error for a district court to fail to review the transcripts upon which a habeas petitioner's claims are dependent. *See Shaw v. Parker,* 27 F.Appx. 448, 450 (6th Cir. 2001).

 Based upon the foregoing, the court orders respondent to produce the preliminary examination transcript from May 20, 2009 and the August 31, 2009 transcript of co-defendant Shron Bennett's guilty plea within **twenty one (21) days** of the date of this order or show cause why they are unable to comply with the order.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: January 3, 2017